UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CLIFFORD W. HARMON,

Case No.  2:26-cv-120

Plaintiff,

Hon. Paul L. Maloney
U.S. District Judge

v.

CHRIS KUNZER, et al.,

Defendants.

_____/

## REPORT AND RECOMMENDATION

### I.    Introduction

*Pro se* Plaintiff Clifford W. Harmon filed a civil complaint on May 18, 2026. Harmon asserts Fourth and Eighth Amendment claims against Dickenson County Sheriff Department Officers Chris Kunzer and Harley Winters.  Harmon claims that Officers Kunzer and Winters used excessive force when they responded to a domestic harassment call at Harmon's residence.

The Court granted Plaintiff leave to proceed *in forma pauperis* on May 19, 2026.  Pursuant to the statute of limitations for § 1983 claims, the undersigned respectfully recommends that the Court dismiss Plaintiff's case.

### II.    Summary of Complaint

Plaintiff asserts that Officers Kunzer and Winters were called to Harmon and Angela Sostarich's residence on April 28, 2023, around 11:00 AM for a domestic harassment call.  ECF No. 1, PageID.2.  Harmon states that he requested to file a complaint against his wife Angela Sostarich for harassment.  *Id.*  Harmon says the

1

officers arrested him for Assault and Battery of Sostarich.  ECF No. 1, PageID.3. Harmon asserts that Officer Winters cut his hand with handcuffs.  *Id.*  Harmon says that he has taken blood thinners since January 2022 and that he began bleeding profusely.  *Id.*  Further, he asserts that the officers slammed him onto the hood of a neighbor's car.  Harmon says he sustained two fractured ribs and a sprained left wrist during the arrest.  *Id.*

Next, Harmon says he was held at Dickinson County Jail from Friday, April 28, 2023, until Monday, May 1, 2023.  ECF No. 1, PageID.4.  Harmon asserts that, while at Dickinson County Jail, he did not receive his proper medication, was forced to stay in soiled clothes, and was denied a shower for several days.  *Id.*  Harmon further contends that he did not receive proper medical care for broken ribs while he was detained at Dickinson County Jail.  ECF No. 1, PageID.6.  Harmon states that following his detention, he could not find or afford lodging until May 3, 2026, when he received his disability payment from the State of Michigan.  *Id.*

### III.    Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### IV.    Analysis

#### A. Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268 69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v.*

3

*Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Here, Harmon's claims arise from events he asserts took place between April 28, 2023, and May 2, 2023. Plaintiff knew of the alleged harms at the time they occurred. Plaintiff's Complaint was post-marked on April 28, 2026. ECF No. 1, PageID.16. The Complaint was not filed until May 18, 2026 – over two weeks after the statute of limitations expired. As another Court in this District has explained:

> "Rule 5(b) governs service, not filing. Filing of papers is governed by Rule 5(d)." *Sandoval v. United States,* No. 00 CIV 1259, 2001 WL 300729, at * 4 (S.D.N.Y. Mar.28, 2001). Rule 5(b) (2)(c) provides for service of papers by mail. It does not establish a "mailbox rule" for the filing of a complaint. The "mailbox rule" applies only to prisoners reliant on the institution to mail court papers. See FED. R. APP. P. 4(c)
>
> […]
>
> Rule 5(d)(2) states that a paper "is filed by delivering it" to the clerk. Fed. R. Civ. P. 5(d)(2). Filing occurs when the complaint is delivered into the actual custody of the clerk. *See Perkins v. Social Sec. Admin.,* No. 3:09–cv–52, 2009 WL 2431396, at * 1 n. 1 (W.D.Va. Aug.7, 2009). Plaintiff's counsel could have hand-delivered the complaint to the Clerk's Office in Kalamazoo, but instead mailed the complaint to the Clerk. It did not arrive until after the November 28, 2011 deadline had passed. Mailing papers does not constitute filing. *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 604–05 (7th Cir.2006). "It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline." *Crawford–Mulley v. Corning, Inc.,* 77 F.Supp.2d 366, 368 (W.D.N.Y.1999); *see Torras Herreria y Construcciones, S.A. v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir.1986); *Perkins v. Social Sec. Admin.,* 2009 WL 2431396, at * 1 n .1; *see also McIntosh v. Antonio,* 71 F.3d at 36–37; *United States v. White,* 980 F.2d 836, 845 (2d Cir.1992); *accord Adidas Am., Inc. v. Calmese,* 662 F.Supp.2d 1294, 1300 (D.Ore.2009).

*Clark v. Comm'r of Soc. Sec.*, No. 1:11-CV-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012).

Here, the docket indicates that Plaintiff's Complaint was delivered to the Clerk's Office on May 18, 2026.  Thus, pursuant to Rule 5(d)(2), the Complaint was not filed until May 18, 2026.  The latest harms described in Plaintiff's Complaint allegedly took place on May 2, 2023.  ECF No. 1, PageID.6.  Therefore, in the opinion of the undersigned, Plaintiff's Complaint is barred by the statute of limitations.

## V.    Recommendation

For the reasons stated above, the undersigned respectfully recommends that the Court dismiss Harmon's Complaint because his claims are barred by the statute of limitations.


Dated:  May 27, 2026                              /s/ *Maarten Vermaat*
                                                  MAARTEN VERMAAT
                                                  U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).